UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kathleen M. Eide,                                      Civil No.: 16-cv-1185 (RHK/TNL)

               Plaintiff,

                         **PLAINTIFF'S SECOND**
                         **AMENDED COMPLAINT**

v.

The Prudential Insurance Company of America and
Fairview Health Services,

               Defendants.

---

The Plaintiff in the above entitled action, as and for her Complaint against the above-named Defendants, states and alleges as follows:

### NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE

1.     The present action is a claim for short and long-term disability benefits. Plaintiff's claim for short-term disability benefits is a plan exempt from the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* and arises under contract law. Plaintiff's claim for long-term disability benefits arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2.     Plaintiff, Kathleen M. Eide, is an individual who, at all times relevant, resided in the County of Hennepin, State of Minnesota. At all times relevant hereto, Plaintiff was an employee of Defendant Fairview Health Services (hereinafter "Fairview").

3.      At all times relevant hereto, through her employment, Plaintiff was a participant in the group short and long-term disability plans provided by her employer which is the subject of this action, as more fully described hereinafter.

4.      As this action involves not only a contract claim for her short-term disability benefits, but also an employee welfare benefit plan governed by ERISA for her long-term disability benefits.  Accordingly, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

5.      Defendant Prudential is the insurer and is liable for any long-term disability benefits.  Defendant Prudential was the third party administrator for the short-term disability benefits.  Defendant Prudential is corporation organized and existing under the laws of the State of New Jersey, which conducts and transacts insurance business within the State of Minnesota.  Prudential is not registered as a foreign corporation with the Minnesota Secretary of State's office and has no agent for service of process appointed in the State of Minnesota. Prudential is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota.  The current mailing address for Prudential's principal office, as registered with the Minnesota Department of Commerce, is:

Prudential Insurance Company of America
100 Mulberry Street, Gateway 3, 7th Floor
Newark, NJ 07102-4061

6.      Defendant Fairview is, upon information and belief a claims administrator, sponsor of the Plan, a fiduciary of the Plan and responsible for payment of short-term

2

disability Plan benefits.  Defendant Fairview Health Services is registered as a domestic

nonprofit corporation existing under the laws of the State of Minnesota.  Its registered

office address with the Minnesota Secretary of State is:

> Fairview Health Services
> 2540 Riverside Avenue
> Minneapolis, MN  55454

## RECITATION OF FACTS

7.     At all times relevant hereto, Plaintiff was employed by Defendant Fairview as a

Lactation Consultant working 40 hours or more per week.

8.     In and prior to June 17, 2014, Plaintiff was a participant in benefit plans that

provided for short and long term disability benefits through her employment at Defendant

Fairview.  The long-term disability policy which is the subject of the pending action

constitute employee welfare benefit plans governed by ERISA, 29 U.S.C. §§ 1001 et seq.

9.     In June of 2014, Plaintiff was caused to cease working due to numerous adverse

health conditions.  It is the opinion of her medical providers that she was unable to

perform the material duties of her regular and customary occupation as defined in the

Plans.

10.     Plaintiff timely applied for benefits due to her disability as provided in the Plans.

11.     Via letter dated April 20, 2015, Defendant Prudential, as third party administrator,

denied Plaintiff's claim for short-term disability benefits claiming her date of disability

was June 17, 2014, however, her coverage ended upon termination of her employment on

June 16, 2014 and she was, therefore not a covered employee on her date of disability. Defendant Prudential advised Plaintiff of her rights under ERISA in that letter.

12.    Via that same letter Defendant Prudential also advised that her claim for long-term disability benefits would only be considered if she was successful in her appeal of the short term disability denial.

13.    Plaintiff timely appealed this determination and provided additional information, including but not limited to the fact that she was working while disabled and was disabled prior to the termination of her employment.  This appeal was acknowledged by Defendant Prudential on June 18, 2015.

14.     On June 18, 2015, the Senior Appeal Analyst for Defendant Prudential made a *SOAP* note in her file that Defendant Prudential did in fact have, "…medical records prior to 6/2014 which reflect her working disabled".

15.    A mere eight days later, the same Senior Appeal Analyst sent Plaintiff a letter informing her that they had upheld their denial of her short-term disability benefits.  She further advised that long-term disability benefits were being denied.  Plaintiff was again advised of her rights under ERISA.

16.    Plaintiff again timely appealed this decision providing additional evidence of her disability prior to June 17, 2014.

17.    Via letter dated January 27, 2016 and not received until March 10, 2016, the same Senior Appeal Analyst advised that the decision denying the claims was being upheld.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

18.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

19.     Defendant Prudential acting in its capacity as third party administrator for the short-term disability claim and insurer for the long-term disability plan has violated the clear and unambiguous terms of the applicable Plans, Minnesota state law, ERISA and applicable regulations in ignoring the facts of Plaintiff's case and condition as a whole, and in denying Plaintiff's claims for short and long-term disability.

20.     Defendant Fairview has violated the clear and unambiguous terms of the applicable short-term disability Plan and Minnesota state law in relying upon the decision of Defendant Prudential and failing to pay Plaintiff's claim for short-term disability benefits.

21.     As a proximate result of Defendant Prudential's violations of Minnesota state law, ERISA, applicable regulations and the terms of the Plans, Plaintiff has been harmed and deprived of benefits due under the terms thereof.

22.     As a proximate result of Defendant Fairview's violations of the terms of the applicable Plans and Minnesota law, Plaintiff has been harmed and deprived of benefits due under the terms thereof.

23.     Plaintiff is entitled to legal and equitable relief as a result of Defendant Fairview's breaches of the applicable Plans, as well as violations of Minnesota state law and the terms of the Policies, including, but not limited to payment of short-term disability benefits wrongfully denied.

24.    Plaintiff is entitled to legal and equitable relief as a result of Defendant Prudential's breaches of the applicable Plans, as well as violations of Minnesota state law, ERISA, applicable regulations and the terms of the Policy, including, but not limited to payment of long-disability benefits wrongfully denied under the terms of the Plan, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant Fairview pursuant to the applicable contracts and Minnesota state law, for past due short-term disability benefits as well as her costs and attorney's fees to the extent allowed by said contract and law, and for her taxable costs and disbursements herein, and for such other further relief as may be just and equitable.

WHEREFORE, Plaintiff demands judgment against Defendant Prudential pursuant to the applicable contracts, Minnesota state law, the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in sections of 5 U.S.C., 18 U.S.C., 26 U.S.C., 29 U.S.C., and 42 U.S.C.) for past due long-term disability benefits under the plan, to clarify her rights to future long-term disability benefits under the plan, to clarify and enforce her rights under the terms of the plan and ERISA, to recover benefits due to her under the terms of her plan together with interest on accrued benefits and attorneys' fees, costs and disbursements in this action pursuant to 29 U.S.C. §§ 1132(a)(3)(B) and 1132(g)(1) and otherwise as provided by law, and to redress violations of ERISA as provided by law.

Dated this 29th day of November, 2016.

**BEEDEM LAW OFFICE**

*/s Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF